UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AGRIGENETICS, INC. d/b/a MYCOGEN  )
SEEDS,                            )
       Plaintiff,             )
                                  )
  vs.                           )      1:08-cv-802-TWP-TAB
                                  )
PIONEER HI-BRED INTERNATIONAL,    )
INC.,                             )
       Defendant.             )

**DISCOVERY ORDER**

This case is set for trial on January 10, 2011, yet Plaintiff Mycogen seeks to revisit discovery on two separate fronts. First, Mycogen moved to compel trial depositions of two out-of-state witnesses. [Docket No. 161.] Second, Mycogen moved to reopen discovery relating to Pioneer's royalty payments to Monsanto. [Docket No. 164.] Defendant Pioneer vehemently objects to both motions. The Court held a telephonic conference on these motions on December 6. Both parties were given a full opportunity to be heard, which was in addition to the fairly extensive briefing these motions have generated. For the reasons set forth below, Mycogen's motions are denied.

Mycogen's motion to compel trial depositions seeks an order permitting Mycogen to take trial depositions of Bart Baulder and Alan McCunn, two Pioneer employees who reside in Iowa and therefore are outside this Court's subpoena power. If Mycogen could be assured these witnesses would appear for trial, it would not be pursuing this motion to compel. As Pioneer made clear at the December 6 conference, however, it still has not conclusively determined whether it plans to call Baulder and McCunn as witnesses at trial. As a result, Mycogen is in a

bit of a bind.

The problem for Mycogen, however, is that it put itself in the uncomfortable position it now faces. The undisputed fact is that the agreed upon, Court-approved discovery deadlines gave Mycogen ample time to depose these individuals, who early on were well known by Mycogen to be "intimately involved" in the underlying facts of the case. [Docket No. 162 at 1.] To permit these depositions at this late stage would prejudice Pioneer. Mycogen contended during the December 6 conference that taking the depositions would be a simple matter of a quick trip to Iowa for depositions of a couple hours each. This overly simplistic argument ignores the more complicated scheduling issues involved in taking multiple, out-of-state depositions with counsel who are undoubtedly occupied preparing for trial during the sometimes busy holiday season. And of course taking the depositions necessarily includes the additional time and expense of defense counsel and the witnesses preparing for their depositions.

In short, Mycogen has not shown good cause for permitting these depositions at this late stage, and the prejudice to Pioneer in allowing these depositions is real. If Baulder and McCunn do appear at trial, the issue is largely moot. But if they don't, the resulting bind—whether the result of a valid litigation strategy or something else—is solely Mycogen's fault.

Mycogen's motion to reopen discovery [Docket No. 164] fares no better. Mycogen's motion seeks to reopen discovery to permit it to conduct discovery related to Pioneer's royalty payments to Monsanto for the use of Monsanto's Roundup Ready product. Mycogen anticipates Pioneer will argue that any royalties paid to Monsanto should be subtracted from Mycogen's damages calculation, and that as a result Mycogen should be permitted to discover documents related to Pioneer's payment of these royalties.

As Pioneer points out, the problem with this argument (among others), is that Pioneer has an independent Roundup Ready license with Monsanto—a license that is a matter of public record through SEC filings. [Docket No. 171 at 1.] The fact that Mycogen's damages expert did not utilize this publicly available information, or that Mycogen did not timely seek discovery into this area, does not justify reopening discovery on the eve of trial. It is true that Monsanto and Pioneer are engaged in litigation involving the Roundup Ready trademark agreement. But permitting discovery into this area seemingly would result in Mycogen submitting a new or revised damages expert opinion—a "do-over" that Pioneer contends is nothing more than an attempt to repair that expert's credibility "by taking back an overreaching and fundamentally flawed damages opinion that Mycogen now realizes is unsupportable." [Docket No. 171 at 10.] By and large the Court agrees.

As with Mycogen's previously discussed motion to compel, Mycogen's motion to reopen discovery is late and prejudicial to Pioneer. Pioneer complains that the effect of Mycogen's conduct is to "sandbag Pioneer with irrelevant document requests, disrupt Pioneer's trial preparation, inflict additional expense on the parties, and set the stage for a 'do-over' of expert discovery." [Docket No. 171 at 7.] Except perhaps for the sandbagging reference, Pioneer's complaints are well taken. As a result, Mycogen's motion to reopen discovery [Docket No. 164] is denied.

The final discovery issue addressed at the December 6 telephonic conference is whether Mycogen should be required to supplement its response to Pioneer's Request for Production No. 24, which involves certain SmartStax documents. As set forth in letters counsel submitted to the Magistrate Judge (but that were not filed with the Court), Mycogen expressly agreed to produce

3

the requested SmartStax documents, subject to certain confidentiality restrictions, to which Pioneer agreed. [December 6, 2010, letter from Rob Addy to Magistrate Judge.] Mycogen has now admittedly backtracked from its agreement to produce these documents because it has no assurance that the Court will uphold all the confidentiality restrictions Mycogen demanded.

Most significantly, the parties agreed that Court proceedings would be sealed if there is testimony regarding the SmartStax agreements. But whether and under what circumstances the Court might seal trial proceedings is up to the trial judge. And as set forth in numerous orders from this Court, the Seventh Circuit Court of Appeals has taken a dim view of filing documents under seal and otherwise sealing proceedings. Accordingly, this fully predictable uncertainty provides no basis for Mycogen to repudiate its willingness to produce the SmartStax agreements, which production would be subject to the existing protective order as well as the additional confidentiality restrictions agreed to by the parties (provided, however, that whether court proceedings involving SmartStax will be sealed is an issue for another day). Mycogen shall supplement its response to Pioneer's Request for Production No. 24 within seven days.

Dated: 12/10/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Sundeep K. Addy
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
rob.addy@bartlit-beck.com

Christopher J. Braun
PLEWS SHADLEY RACHER & BRAUN
cbraun@psrb.com

Lindley J. Brenza
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
lindley.brenza@bartlit-beck.com

Shelley M. Jackson
PLEWS SHADLEY RACHER & BRAUN
sjackson@psrb.com

Todd J. Janzen
PLEWS SHADLEY RACHER & BRAUN
tjanzen@psrb.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Deborah Pollack-Milgate
BARNES & THORNBURG
dmilgate@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Brian C. Swanson
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
brian.swanson@bartlit-beck.com