UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AGRIGENETICS, INC. d/b/a MYCOGEN SEEDS, <br><br> Plaintiff and Counter defendant, <br><br> vs. <br><br> PIONEER HI-BRED INTERNATIONAL, INC., <br><br> Defendant and Counterclaimant. | Case No. 1:08-cv-00802-TWP-TAB |

## ENTRY ON MOTION FOR RECONSIDERATION
## AND CLARIFICATION OF ISSUES REMAINING FOR TRIAL

The Court has taken under advisement the fully briefed matters brought forth through Pioneer Hi-Bred International, Inc.'s Motion for Reconsideration [Dkt. 191]. The Amended Order will reflect the clarification and resolution of the following matters:

(1) Both parties stated that the 1995 Collaboration Agreement was subject to either California or Iowa contract law. Further, both parties acquiesced that based upon the law in both California and Iowa, extrinsic evidence is properly considered in order to determine whether the contract is reasonably susceptible to the interpretation proffered. Therefore, in its ruling, the Court considered the extrinsic evidence on record presented by both parties in order to determine whether the language was reasonably susceptible to the interpretations offered.

(2) Pioneer's submission of evidence from Mr. Beck is not new evidence under Rule 59(e) and its submission is not proper under the law; therefore the citations for evidence submitted from Mr. Beck cannot be considered by the Court in the Motion for Reconsideration.

(3) Pioneer improperly characterized the Court's use of the term trade dress. The issue of trade dress was never an area of inquiry before the Court and is not relevant to the issue of whether Pioneer breached section 4.2 of the 1995

(4) Upon reconsideration, the Court finds that the ordinary course of business requirement refers to the requirement that Pioneer *use* proprietary packaging of Pioneer as used in the ordinary course of its business and *display* its brand name identification with the same <u>prominence and position</u> as displayed in its ordinary course of business.

(5) The Court did not have sufficient evidence regarding the remaining PROaccess strategy brands to warrant granting summary judgment. Becks' is the only PROaccess partner for which there is any evidence of what its bags looked like before the PROaccess strategy, thus the scope of the Entry includes only the Beck's XL$^{TM}$ bags distributed by Beck's Superior Hybrids.

(6) The following issues remain for trial: Mycogen's claim of breach of contract regarding the remaining PROaccess companies; Mycogen's claim that Pioneer has improperly provided a sublicense to its PROaccess companies; damages; and the applicable affirmative defenses that Pioneer has pled.

After proper reconsideration, the Court **AFFIRMS** the ultimate findings of the Order [Dkt. 173] granting Agrigenetics, Inc. d/b/a Mycogen Seeds Partial Summary Judgment as amended.

Date: 12/16/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

**Sundeep K. Addy**
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
rob.addy@bartlit-beck.com

**Christopher J. Braun**
PLEWS SHADLEY RACHER & BRAUN
cbraun@psrb.com

**Lindley J. Brenza**
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
lindley.brenza@bartlit-beck.com

**Shelley M. Jackson**
PLEWS SHADLEY RACHER & BRAUN
sjackson@psrb.com,twall@psrb.com

**Todd J. Janzen**
PLEWS SHADLEY RACHER & BRAUN
tjanzen@psrb.com,jcontos@psrb.com

**Donald E. Knebel**
BARNES & THORNBURG LLP
donald.knebel@btlaw.com,lori.robertson@btlaw.com,jralberts@dow.com,cstamas@btlaw.com

**Deborah Pollack-Milgate**
BARNES & THORNBURG
dmilgate@btlaw.com,hkelley@btlaw.com,cstamas@btlaw.com

**Jennifer Lynn Schuster**
BARNES & THORNBURG LLP
jschuster@btlaw.com,hkelley@btlaw.com,cstamas@btlaw.com

**Aaron M. Staser**
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

**Brian C. Swanson**
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
brian.swanson@bartlit-beck.com,anita.seggelink@bartlit-beck.com,tom.armento@bartlit-beck.com