# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AGRIGENETICS, INC. d/b/a MYCOGEN SEEDS,<br><br>                        Plaintiff,<br>vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC.,<br><br>                        Defendant, | Case No. 1:08-cv-00802-TWP-TAB |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS AGRIGENETICS CLAIM FOR MONSANTO DAMAGES FOR LACK OF STANDING

This matter is currently before the Court on Pioneer's Motion to Dismiss Agrigenetics' Claim for Monsanto Damages for Lack of Standing ("Motion"). In this Motion Pioneer argues that Mycogen's expert Dr. Vanderhart should be precluded from including potential compensation for non-party Monsanto Company's ("Monsanto") Roundup Ready® royalties in her damages calculations. Pioneer contends that Mycogen is not entitled to claim or recoup damages potentially owed to non-party Monsanto. For reasons set forth below, the Court **DENIES** the Motion to Dismiss as the issue is moot.

### I. BACKGROUND

As the parties are well aware, at issue in this case is a 1995 Collaboration Agreement dealing with a *Bt* trait, which is injected into corn seed and protects against certain corn pests. The Collaboration Agreement ("Agreement") articulated specific rights to both Mycogen and Pioneer regarding the collaboratively discovered *Bt* trait. Mycogen was granted exclusive rights

to license the *Bt* trait, while Pioneer was granted a license to the trait limited by the terms of the Agreement.

Pursuant to its exclusive rights under the Agreement, Mycogen licenses the Herculex® *Bt* brand trait to regional seed companies, which must pay Mycogen a royalty to be able to utilize the Herculex® brand trait in their seed corn. Mycogen licenses the Herculex® brand trait both by itself and for use in combination with ("<u>stacked with</u>") Monsanto's Roundup Ready® trait, which provides protection against Roundup® herbicide. Specifically, Mycogen licenses the Herculex® trait in four different ways:

(1) Herculex® by itself;
(2) Herculex® stacked with the Roundup Ready® Trait;
(3) Herculex® XTRA; and
(4) Herculex® XTRA stacked with Roundup Ready®.

Pioneer asks this court to dismiss Mycogens claim for damages relating to royalties on Monsanto's Roundup Ready® trait and germplasm.

II. <u>APPLICABLE LAW</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). In ruling on a motion to dismiss for want of standing, the district court must accept as true all well pleaded material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001); *see also Retired Chicago Police Assoc. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996).

Although courts examining a Rule 12(b)(1) motion to dismiss will "construe the complaint in favor of the complaining party," *see Warth v. Seldin*, 422 U.S. 490, 501 (1975), the

plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Since the elements necessary to establish jurisdiction are "not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof; i.e., with the manner and degree of evidence required at successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

III. DISCUSSION

"[T]he irreducible constitutional minimum of standing contains three elements," all of which the party invoking federal jurisdiction bears the burden of establishing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). First, the plaintiff must prove that he suffered an "injury in fact," i.e., an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. Second, the plaintiff must establish a causal connection by proving that her injury is fairly traceable to the challenged conduct of the defendant. *Id*. Third, the plaintiff must show that her injury will likely be redressed by a favorable decision. *Id*.

Pioneer argues that because Mycogen has no legally-cognizable interest in Roundup Ready®, Mycogen fails to meet the minimum standing required to assert a claim seeking compensation for Roundup Ready®. Specifically, Pioneer argues that Mycogen did not suffer an injury in fact, cannot establish a causal connection from the alleged breach to the Agreement to the claim of Monsanto royalties and that any injury would not be redressed by a favorable decision. In support of its Opposition to Pioneer's Motion to Dismiss [Dkt. 273] ("Response"),

Mycogen provides several hypotheticals as illustrative of its position, and cites to a single 2007 Federal Circuit case, *Monsanto Co. v. McFarling*, 488 F.3d 973 (Fed. Cir. 2007) (Patent case dealing with License Agreement violation by individual farmer and involving technology and patent of only one company). More remarkably, in its Response, Mycogen provided notice of the following: "Mycogen hereby provides notice that it is not seeking royalties for the Roundup Ready® Trait." Mycogen further stated that it will expressly forego any royalties and fees that are attributable to the Roundup Ready® trait.

This exclusion of the Roundup Ready® royalties is seemingly the exact desired result declared repeatedly by Pioneer in its latest bite at the apple through its Motion to Dismiss Agrigenetics' Claim for Monsanto Damages for Lack of Standing. The issues raised by Pioneer regarding Mycogen's standing culminated in the request to exclude the royalties of Ready Roundup® and this is the exact concession made by Mycogen. In Pioneer's Reply, however, the focus is set not on the concession made by Mycogen but rather on Pioneer's perceived inconsistency between Mycogen's concession and its alleged inclusion of Monsanto damages in the attached supplemental damages report. This argument however, is better suited for a vehicle other than a Motion to Dismiss for want of standing.[1]

Despite any potential inconsistencies Mycogen illuminates what it deems "Roundup Ready® royalties" in its Response. Mycogen cites to Pioneer's Brief in Support of Renewed Motion to Exclude Dr. Vanderhart's testimony [Dkt. 216] which discussed Dr. Vanderhart's inclusion of over $100 million in her damages estimate for what Pioneer alleged would be royalties owed to Monsanto for the following: (1) a Monsanto trait (Roundup Ready®) and (2) Monsanto germplasm. This in fact mirrors Pioneer's own language found in the opening of its

---

[1] At this time the Court makes no determination regarding the adequacy of the supplemental report on damages offered by Mycogen.

Brief in Support of its Motion to Dismiss. Pioneer itself stated that, "It is undisputed that [Mycogen] has no right to charge <u>royalties</u> for its own profit on either Monsanto's trait or its germplasm." Thus, Mycogen's concession functions to exclude "Roundup Ready® royalties" as a whole – which includes fees stemming from both the Ready Roundup trait <u>and</u> the Monsanto germplasm. This concession by Mycogen therefore renders Pioneer's Motion to Dismiss moot.

For the foregoing reasons it is hereby ordered that the Defendant's Motion to Dismiss Agrigenetics' Claim for Monsanto Damages for Lack of Standing is hereby **DENIED** as Moot.

IT IS SO ORDERED.

Date: 12/23/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

**Sundeep K. Addy**
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
rob.addy@bartlit-beck.com

**Christopher J. Braun**
PLEWS SHADLEY RACHER & BRAUN
cbraun@psrb.com

**Lindley J. Brenza**
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
lindley.brenza@bartlit-beck.com

**Shelley M. Jackson**
PLEWS SHADLEY RACHER & BRAUN
sjackson@psrb.com,twall@psrb.com

**Todd J. Janzen**
PLEWS SHADLEY RACHER & BRAUN
tjanzen@psrb.com,jcontos@psrb.com

**Donald E. Knebel**
BARNES & THORNBURG LLP
donald.knebel@btlaw.com,lori.robertson@btlaw.com,jralberts@dow.com,cstamas@btlaw.com

**Deborah Pollack-Milgate**
BARNES & THORNBURG
dmilgate@btlaw.com,hkelley@btlaw.com,cstamas@btlaw.com

**Jennifer Lynn Schuster**
BARNES & THORNBURG LLP
jschuster@btlaw.com,hkelley@btlaw.com,cstamas@btlaw.com

**Aaron M. Staser**
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

**Brian C. Swanson**
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
brian.swanson@bartlit-beck.com,anita.seggelink@bartlit-beck.com,tom.armento@bartlit-beck.com