UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AGRIGENETICS, INC. d/b/a MYCOGEN SEEDS, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | 1:08-cv-802-TWP-TAB |
| | ) | |
| PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S RENEWED MOTION TO EXCLUDE
THE OPINION TESTIMONY OF DR. JENNIFER VANDERHART**

**I.    Introduction**

Plaintiff's trial brief predicts that damages calculations are likely to be "the most bitterly contested issue at trial." [Docket No. 234 at 14.]  Defendant's renewed motion to exclude the opinion testimony of Plaintiff's expert Dr. Jennifer Vanderhart [Docket No. 216] foreshadows this scenario, addressing one component of the damages battle.  Specifically, Defendant's renewed motion again challenges whether Vanderhart's damages calculations may include amounts due to Monsanto.  Under the circumstances described below, permitting Vanderhart to testify about damages calculations including Monsanto amounts would be unduly prejudicial to Defendant.  On the other hand, excluding Vanderhart entirely would be overly harsh to Plaintiff.  Accordingly, the Court will permit Vanderhart's expert testimony, but only under the conditions given below.

**II.    Background**

Trial is scheduled to begin January 10.  Back in July, Pioneer moved to exclude Vanderhart's opinion testimony for a variety of reasons.  [Docket Nos. 93–94.]  The Court

denied Pioneer's motion, concluding that some of Pioneer's objections to Vanderhart were better addressed on cross-examination. [Docket No. 174.] But the Court withheld judgment on one issue—whether Vanderhart's damages calculation improperly included Monsanto royalties—pending resolution of a royalty-related discovery dispute. [*Id.* at 7.]

The discovery dispute was resolved by the Court's December 10 order denying Mycogen's motion to reopen discovery relating to Pioneer's Monsanto royalty payments. [Docket No. 214.] Pioneer quickly renewed its motion to exclude Vanderhart's testimony [Docket No. 216], arguing primarily that Vanderhart's calculations improperly included a large sum "for royalties owed to Monsanto for a Monsanto trait (Roundup Ready) and Monsanto germplasm that [Mycogen] does not own." [Docket No. 218 at 2.] Mycogen responded substantively to Pioneer's objections, but also stated that it was "considering modifying its damages calculation to one that is based on Mycogen's price for Herculex alone." [Docket No. 246 at 8.]

Shortly after Mycogen's response, Pioneer moved to dismiss Mycogen's claim for Monsanto damages for lack of standing. [Docket No. 251.] Mycogen's December 20 response to that motion provided notice that Mycogen "is not seeking royalties for the Roundup Ready Trait" and included a supplemental Vanderhart report. [Docket No. 273 at 11.] In a footnote, Mycogen asserted that its concession mooted Pioneer's renewed motion to exclude Vanderhart. [*Id.* at 11 n.3.] Pioneer replied that neither of its motions was moot because the supplemental report's calculations continued to incorporate amounts due Monsanto. [Docket No. 278 at 1.] Pioneer also claimed that it was prejudiced by the last-minute supplemental report, particularly because its damages expert was in Costa Rica and unavailable through December 31. On

December 23, the District Judge denied Pioneer's motion to dismiss as moot, concluding that Mycogen's concession mirrored Pioneer's requested relief. [Docket No. 296 at 4.] The District Judge explicitly made no determination about the supplemental report's adequacy. [*Id.* at 296 n.4.]

The parties appeared by counsel for a telephonic status conference with the Magistrate Judge on December 28 to discuss their positions on Pioneer's motion to exclude in light of the District Judge's denial of Pioneer's motion to dismiss. Much of the discussion focused on a table [Docket No. 278-1 at 4] of the amounts underlying Vanderhart's calculations. The following table reproduces Mycogen's headings but uses variables to protect purportedly confidential amounts. Without disclosing the amounts, it would be fair to characterize the "Mon Royalty" amounts as a significant portion of the "Net royalty."

|  | Net royalty | Mon Royalty | DAS Trait Fee | Germplasm Royalty |
|---|---|---|---|---|
| Herculex I | $A + B$ | $A$ | $B$ | $X$ |
| Herculex I & RR | $C + D$ | $C$ | $D$ | $X$ |
| Herculex XTRA | $E + F$ | $E$ | $F$ | $X$ |
| Herculex XTRA & RR | $G + H$ | $G$ | $H$ | $X$ |

During the telephone conference, Mycogen explained that Vanderhart arrived at a damages figure by multiplying the appropriate "Net Royalty" amount by the appropriate number of bags. Mycogen represented that Vanderhart's calculation did not include "Germplasm Royalty" amounts. Mycogen further represented that the "Mon Royalty"—which is an element of "Net royalty," and therefore included in Vanderhart's bottom line—was not a conceded Roundup Ready or germplasm royalty, but was instead a "cost of doing business" required under an

3

unrelated settlement agreement with Monsanto. Upon receiving this explanation, Pioneer continued to object to Vanderhart's inclusion of the "Mon Royalty," but represented that it would not raise a *Daubert* objection if Vanderhart's calculations were based entirely on the "DAS Trait Fee" column.

## III. Discussion

After Mycogen's concession and the District Judge's order, the remaining issues are whether Vanderhart's damages calculation improperly includes the Monsanto settlement amounts, and if so, what the proper remedy should be.

Mycogen withdrew its claim for Monsanto Roundup Ready and germplasm royalties on December 20, three weeks before the start of trial and after Pioneer's damages expert left for Costa Rica. [Docket No. 273.] At this point, Mycogen had provided no explanation that the "Mon Royalty" components were actually settlement payments. Pioneer reasonably reacted to the supplemental report by assuming that the "Mon Royalty" amounts were for Monsanto germplasm [Docket No. 278 at 5] and that their inclusion in Vanderhart's calculation contradicted Mycogen's concession. At the December 28 conference, Mycogen's counsel identified the "Mon Royalty" amounts as settlement payments but declined to provide more details, claiming that further information might violate Mycogen's settlement agreement with Monsanto. Under these circumstances—an updated Mycogen damages calculation three weeks before trial, with Pioneer's damages expert *incommunicado*, and without any prior explanation of the nature of the Monsanto settlement amounts—permitting Vanderhart's calculation to include the significant settlement amounts would unfairly prejudice Pioneer. Further, allowing the settlement amounts would risk confusing the jury by injecting the issue of whether Pioneer

4

must pay for items due nonparty Monsanto.

But excluding Vanderhart entirely goes too far. Mycogen appears to have conceded its claim for Monsanto royalties in good faith, regardless of the last-minute stress and confusion this created for Pioneer. Therefore, if Mycogen wishes, Vanderhart may testify if she prepares a second supplemental report that completely excludes amounts due Monsanto, whether for Roundup Ready royalties, germplasm royalties, or the settlement amounts. Mycogen shall provide any second supplemental report to Pioneer before 5 p.m. on January 4, 2011.

**IV. Conclusion**

Pioneer's motion to exclude Vanderhart's opinion testimony [Docket No. 216] is granted to the extent that Vanderhart may not testify regarding any damages calculation including Monsanto Roundup Ready royalties, germplasm royalties, or the "Mon Royalty" settlement amounts. If Mycogen wishes to have Vanderhart testify on this limited basis, Mycogen shall provide Pioneer with a supplemental report complying with this order before 5 p.m. on January 4, 2011.

Dated: 12/30/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Sundeep K. Addy
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
rob.addy@bartlit-beck.com

Christopher J. Braun
PLEWS SHADLEY RACHER & BRAUN
cbraun@psrb.com

Lindley J. Brenza
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
lindley.brenza@bartlit-beck.com

Shelley M. Jackson
PLEWS SHADLEY RACHER & BRAUN
sjackson@psrb.com

Todd J. Janzen
PLEWS SHADLEY RACHER & BRAUN
tjanzen@psrb.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Deborah Pollack-Milgate
BARNES & THORNBURG
dmilgate@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Brian C. Swanson
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
brian.swanson@bartlit-beck.com