| | | |
|---|---|---|
| AGRIGENETICS, INC. d/b/a MYCOGEN SEEDS, | | |
| Plaintiff/Counter Defendant, vs. | | Cause No. 1:08-cv-00802-TWP-TAB |
| PIONEER HI-BRED INTERNATIONAL, INC., | | |
| Defendant/Counter Claimant, | | |

**ENTRY ON PLAINTIFF'S REQUEST THAT THE COURT ORDER DEFENDANT TO PRESENT DEFENDANT-CONTROLLED WITNESSES FOR TESTIMONY DURING PLAINTIFF'S CASE**

This matter comes before the Court on Plaintiff Agrigenetics, Inc. d/b/a Mycogen Seeds' ("Mycogen") request for the Court to order Defendant Pioneer Hi-Bred International, Inc. ("Pioneer") to present "Pioneer-controlled" witnesses for testimony during Mycogen's case-in-chief. Mycogen refers specifically to four witnesses designated by Pioneer: (1) Paul Schickler, (2) Tim Glenn, (3) Won Hyon, and (4) Bart Baudler. Baudler and Glenn are each fact witnesses, while Schickler and Hyon are 30(b) (6) witnesses for Pioneer.

The trial of this matter is scheduled to begin on Monday, January 10, 2011 and expected to last at least two weeks. The parties have preserved the trial testimony of witnesses Schickler, Glenn and Hyon through video depositions.

The Court will first address the testimony of Bart Baudler. Baudler, as described by Mycogen, is the business unit director of the PROaccess strategy at Pioneer and currently oversees the PROaccess strategy. Baudler was initially listed by Pioneer on their witness list but

has since been removed. This is not the first time the parties have discussed Baudler. Baudler was formerly the subject of a Motion to Compel trial deposition. [Dkt. 161]. There, the parties had the opportunity to conduct extensive briefing on the issue of fairness and necessity. After being denied in that arena, Mycogen now seeks to have the Court compel Baudler to attend trial.

Baudler is not a 30(b) (6) witness, nor is Baudler an officer of the company, Baudler is simply an employee; an employee that Mycogen has had an opportunity to depose and subpoena, if Mycogen desired his testimony at trial. In light of Magistrate Judge Baker's ruling, the timing of the request, and the responsibility Mycogen has in its current situation, the Court declines to compel Mr. Baudler to testify.

The Court will next address the testimony of Paul Schickler and Tim Glenn. Mycogen notified Pioneer of its intent to call both Schickler and Glenn during their case-in-chief on December 27, 2010. Exactly two weeks before the start of trial. Glenn, similarly to Baudler, is simply an employee of Pioneer; one who Mycogen did not include in its December 13, 2010 witness list, and one who Mycogen had an opportunity to subpoena if they so desired. Schickler however, is a designated 30(b)(6) witness for Pioneer. Schickler has been identified as live witnesses for Pioneer and is currently the subject of an outstanding subpoena. While Pioneer has no obligation to bring any witness or to put on any case, Pioneer has indicated that it does in fact intend to present both Schickler and Glenn as live witnesses.

The question remaining is whether this Court will compel these witnesses to testify live for Mycogen during its case-in-chief. The Court believes it is unfair to require these out of State witnesses to appear twice during the two week trial. The Court therefore finds that Mycogen may, if they so desire, hold open their case-in-chief until the conclusion of testimony of Schickler and Glenn during Pioneer's presentation of these witnesses. Mycogen will have the

opportunity to question both witnesses beyond the scope of the initial direct examination performed by Pioneer and close their case-in-chief at the conclusion of these witnesses' testimony.

The Court will lastly address the testimony of Won Hyon. Hyon was also designated as a 30(b)(6) witness for Pioneer to specifically discuss the matter at the heart of this case, the PROaccess strategy. Up until the eve of trial, Hyon remains on Pioneer's witness list, although without confirmation of whether testimony will be delivered by video deposition or by live witness. Hyon's testimony however will, regardless of its delivery primarily consist of what was discussed in his deposition. The video deposition was created specifically for this purpose, to preserve the trial testimony of a 30(b)(6) witness who is located outside of the courts subpoena range. Mycogen can play designated portions of the deposition in its case-in-chief, if it so desires. The Court finds the deposition testimony sufficient and declines to compel Mr. Hyon to testify live in Mycogen's case-in-chief.

The Court ultimately must seek to maintain what is fair and just despite the prejudicial gamesmanship tactics implemented by both parties. At this point during the trial preparation phase, on the proverbial eve of trial, it is unjust to require Pioneer or its witnesses to carry the heavy burden of appearing, in the traditional sense, during Mycogen's case-in-chief. The aforementioned ruling allows for the Court to permit relevant evidence to be heard while minimizing any potential prejudicial impact to either party. This will facilitate the ultimate outcome desired by the Court, a fair trial.

Dated: 01/06/2011

Distribution attached.

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

Distribution to:

**Sundeep K. Addy**
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
rob.addy@bartlit-beck.com

**Christopher J. Braun**
PLEWS SHADLEY RACHER & BRAUN
cbraun@psrb.com

**Lindley J. Brenza**
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
lindley.brenza@bartlit-beck.com

**Shelley M. Jackson**
PLEWS SHADLEY RACHER & BRAUN
sjackson@psrb.com,twall@psrb.com

**Todd J. Janzen**
PLEWS SHADLEY RACHER & BRAUN
tjanzen@psrb.com,jcontos@psrb.com

**Donald E. Knebel**
BARNES & THORNBURG LLP
donald.knebel@btlaw.com,lori.robertson@b
tlaw.com,jralberts@dow.com,cstamas@btla
w.com

**Nosson D. Knobloch**
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
nosson.knobloch@bartlit-beck.com

**Deborah Pollack-Milgate**
BARNES & THORNBURG
dmilgate@btlaw.com,hkelley@btlaw.com,c
stamas@btlaw.com

**Jennifer Lynn Schuster**
BARNES & THORNBURG LLP
jschuster@btlaw.com,hkelley@btlaw.com,c
stamas@btlaw.com

**Aaron M. Staser**
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

**Dennis P. Stolle**
BARNES & THORNBURG LLP
dstolle@btlaw.com

**Brian C. Swanson**
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
brian.swanson@bartlit-
beck.com,anita.seggelink@bartlit-
beck.com,tom.armento@bartlit-beck.com